**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL W. BERRYHILL,

      Petitioner-Appellant,

v.

SAM CALBONE, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 05-5144

(D.C. No. 03-CV-213-TCK-SAJ)
(N. D. Oklahoma)

---

**ORDER**

---

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

---

Petitioner Michael Berryhill, a prisoner in the custody of the State of Oklahoma proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of the habeas petition he filed pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA).

Following a bench trial in the Osage County District Court, Berryhill was convicted of manufacturing methamphetamine in violation of Okla. Stat. tit. 63, § 2-401(F) and possession of drug paraphernalia in violation of Okla. Stat. tit. 63, § 2-405(B).

The court sentenced Berryhill to twenty years' imprisonment and a $50,000 fine on the manufacturing charge and one year imprisonment and $1,000 fine on the possession charge. Berryhill appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA), which affirmed the judgment and sentence.

Berryhill filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma. In the petition, Berryhill raised three claims: 1) his arrest was unlawful; 2) the search warrant was unlawful; and 3) the evidence was insufficient to support a conviction for manufacturing methamphetamine.

Reviewing the decision of the OCCA, the district court concluded in a very thorough order that Berryhill had a full and fair opportunity to litigate his claims and as a result, the court was precluded from considering these issues. The district court also found that based on the evidence, a rational trier of fact could have found proof of guilt beyond a reasonable doubt on the charge of manufacturing methamphetamine.

This court can issue a COA only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). This determination "requires an overview of the

claims in the habeas petition and a general assessment of their merits." Id. at 336. Berryhill is not required to prove the merits of his case, but he must nonetheless demonstrate "something more than the absence of frivolity" or the mere existence of good faith on his part. Id. at 338 (internal quotation marks omitted).

Under § 2254, this court may grant a COA on a claim that was adjudicated on the merits in state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). After careful review of Berryhill's application, the district court's order denying relief, and the material portions of the record, we conclude that Berryhill's claims are without merit.

Berryhill first argues that his conviction stemmed from evidence obtained as the result of an unconstitutional arrest and search. The district court found that the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976), barred Berryhill's claim. In Stone, the Court held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 481-82.

This court reviews de novo whether a petitioner had an opportunity for full and fair

litigation of his or her Fourth Amendment claim. Smallwood v. Gibson, 191 F.3d 1257, 1265 (10th Cir. 1999)(citation omitted). In this case, Berryhill raised the issue of unlawful arrest in a motion to dismiss before the trial court. He also filed a motion to suppress the evidence obtained from the alleged unlawful search of the premises. At a preliminary hearing, Berryhill had an opportunity to argue these motions, but the court overruled them. Berryhill's counsel renewed the motions at the commencement of trial. The trial court took the matters under advisement, but it ultimately denied the motions and found Berryhill guilty. Berryhill's appellate counsel advanced the same arguments on direct appeal to the OCCA. The state appellate court considered Berryhill's Fourth Amendment claim and, applying appropriate Supreme Court precedent, rejected the claim on its merits. Based on this record, Berryhill had multiple opportunities to litigate these issues fully and fairly.

Berryhill also contends there was insufficient evidence to support his conviction for methamphetamine manufacturing. "When reviewing the sufficiency of the evidence on a habeas corpus petition, the relevant question is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Turrentine v. Mullin, 390 F.3d 1181, 1197 (10th Cir. 2004) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Based on the record, we agree with the district court and the OCCA that a reasonable juror could have found proof beyond a reasonable doubt that Berryhill

manufactured methamphetamine.

Berryhill has failed to make a substantial showing of the denial of a constitutional right. Accordingly, Berryhill's request for a COA is DENIED and this matter is

DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge